IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY WHITE (# M1572)                                                    PLAINTIFF

v.                                                                    No. 3:08CV119-M-D

M.C.C.F., ET AL.                                                         DEFENDANTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tommy White, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved to dismiss the plaintiff's claims because he has not exhausted his prison administrative remedies. The plaintiff has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Exhaustion

The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at the Mississippi Department of Corrections ("MDOC") facilities, including the facilities at the Marshall County Correctional Facility, has been approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998),

*cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubble field*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

The plaintiff acknowledges that he has failed to exhaust the administrative remedies available to him at the Mississippi State Penitentiary. He argues that he does not have to complete the three-step grievance process because the Marshall County Correctional Facility did not respond to his grievance. This argument is without merit, as the grievance procedure requires the plaintiff to complete all three steps, even without a response from the prison administration. *Gates v. Collier*, 4:71CV6-D, (Order of February 15, 1994, Docket Entry 25, establishing the Administrative Remedy Program). The order states,

> No more than ninety (90) days from initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits without receipt of a written response shall entitle the offender to move on the to next step in the process.

Order establishing Administrative Remedy Program, p. 10. Thus, under the grievance rules established by this court, even in the absence of a response by the prison administration, a prisoner must continue with each step of the process (by sending in the form required in the next

step of the procedure to the proper person) until the process is complete. The plaintiff did not complete the process in this way and therefore cannot proceed with this case.

The plaintiff admitted in his complaint and the response to the state's motion to dismiss that he did not move his grievance forward when the prison failed to respond. Therefore, the plaintiff's claims will be dismissed for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of February, 2010.

                                    **/s/ MICHAEL P. MILLS**
                                    **CHIEF JUDGE**
                                    **UNITED STATES DISTRICT COURT**
                                    **NORTHERN DISTRICT OF MISSISSIPPI**